UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

In re:

**CAROLINE JOYCE RELLSTAB,**
    Debtor

Chapter 13
Case No. 17-40210-CJP

**MOTION OF THE DEBTOR FOR RELIEF PURSUANT TO
11 U.S.C. SEC. 362(k) AGAINST U.S. BANK N.A. FOR WILLFUL VIOLATION OF
THE AUTOMATIC STAY**

Caroline Joyce Rellstab, the Debtor in the above referenced matter respectfully moves this court pursuant to 11 U.S.C. Sec. 362(k) for an award of actual and punitive damages against the creditor, U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF3 (hereinafter "U.S. National Bank.").

In support of such request the movant states as follows:

1. On or about February 3, 2017, the Debtor filed her Voluntary Chapter 13 Bankruptcy Petition (the "Petition").

2. The filing of the Petition created a bankruptcy estate pursuant to 11 U.S.C. Sec. 541(a) which was comprised of all of the Debtor's legal and equitable interests in property as of the commencement of the case except for property exempt under Sections 541(b) and 541(c)(2) (the Estate). In addition the Estate included all property of the kind specified in Section 541 acquired after the filing of the Petition and post-petition earnings of the Debtor under 11 U.S.C. Sec. 1306.

3. On the Petition date, the Debtor owned among other things a two family, non-owner occupied, income producing building known as 27 Maple Street, Spencer, Massachusetts (hereinafter the "27 Maple Street" property).

4. Upon the filing of the Bankruptcy Petition by the Debtor, the 27 Maple Street property and all rents produced by said real estate post-petition became property of the Estate.

5. U.S. National Bank had a security interest in 27 Maple Street by virtue of a mortgage and an assignment of rents.

6. The filing of the Petition operated as a stay applicable to all entities pursuant to 11 U.S.C. Sec. 362(a) (the "Automatic Stay").

7. The Automatic Stay is a combination of eight different stays enjoining:

   (i)     actions against the Debtor under Section 362(a)(1);

   (ii)    enforcement of judgments against the debtor of the property of the estate under Section 362(a)(2);

   (iii)   all acts to obtain possession of the estate or the property from the estate or to exercise control over the property of the estate under Section 362(a)(3);

   (iv)    any acts to create, perfect or enforce any lien against the property of the estate under Section 362(a)(4);

   (v)     any act to create, perfect or enforce any lien against the property of the Debtor that secures pre-petition claim under Section 362(a)(5);

   (vi)    any act to collect, assess or recover from the debtor any pre-petition claim under Section 362(a)(6);

   (vii)   any setoff of a pre-petition debt under Section 362(a)(7); and

   (viii)  commencement or continuation of a proceeding in the United States Tax Court concerning per-petition tax debt under Section 362(a)(8).

8. Section 362(b) sets forth specific actions which are not stayed by the Automatic Stay such as actions to establish paternity under Section 362(b)(2)(A)(ii) or interception of tax refunds pursuant to Section 362(b)(2)(F).

9. The list of actions excluded from application of the Automatic Stay set forth in Section 362(b) does not exempt "continuations of foreclosure auctions" from the application of the Automatic Stay.

10. Furthermore neither Section 362(a) nor Section 362(b) make mention of actions to maintain status quo between the debtor and the creditors.

11. A party in interest can obtain relief from the Automatic stay under Section 362(d) which mandates the Court for "cause" to terminate, annul, modify or condition the Automatic Stay.

12. On or about May 17, 2017, U.S. National Bank filed its Motion for Relief from the Automatic Stay seeking relief under Sections 362(d)(1), (d)(2) and (d)(4). [doc. 55]

13. In the instant case on June 14, 2017, this Court issued an Order on Motion for Relief from Stay (the "Order). [doc. 85]

    a. In its Order the Court denied relief under section 362(d)(4):

    b. The Order granted relief from stay to the movant to "exercise [the movants'] rights under the mortgage to conduct a foreclosure sale with respect to the property located at 27 Maple Street, Spencer Massachusetts 01562 […]" , to apply the proceeds of the sale to the balance on the loan secured by the mortgage and to bring any eviction action against the Debtor;

    c. The Order specifically stated that "all [such actions to be conducted] in accordance with applicable state and federal laws;"

    d. The Order further required the movant to provide the Trustee and the Debtor with accounting regarding the sale within 30 days from the sale and to remit any surplus proceeds to the Trustee; and

    e. The Order did not annul the Automatic Stay with respect to any stayed action which occurred between the date of the filing of the Petition on February 3, 2017 and the date Order was issued.

14. It is the Debtor's position that the Order did not terminate the Automatic Stay in its entirety from June 14, 2017 forward but rather modified it permitting U.S. National Bank to conduct a foreclosure sale of 27 Maple Street, evict the Debtor and condition such modification of the stay on compliance with "applicable state and federal law." It is further the Debtor's position that to the extent U.S. National Bank's actions were conducted in violation of any state or federal laws applicable to the foreclosure sales that such actions were in violation of the Automatic Stay. No provisions were made in the Order

permitting U.S. National Bank to evict tenants, collect rents from tenants or to offer tenants "cash for keys."

## **VIOLATION OF THE STAY**

15. In summary, U.S. National Bank violated the Automatic Stay because:

(1) Its actions in continuation of the foreclosure sale on the Petition date, February 3, 2017 to March 15, 2017 was not in accordance with the Massachusetts Law;

(2) The continuation of the March 15, 2017 sale date to May 15, 2017 was not in accordance with the Massachusetts Law and was in violation of the automatic stay under <u>Lynn-Weaver v. ABN-AMRO Mortg. Grp, Inc. (In re Lynn-Weaver)</u>, 385 B.R. 7 (Bankr. D.Mass. 2008);

(3) The continuation of May 15, 2017 sale to July 15, 2017 was in violation of the automatic stay under <u>Lynn-Weaver v. ABN-AMRO Mortg. Grp, Inc. (In re Lynn-Weaver)</u>, 385 B.R. 7 (Bankr. D.Mass. 2008);

(4) The foreclosure sale on October 20, 2017 was not conducted in accordance with Massachusetts Law because:

 (a) The continuation of the sale dates March 15, 2017 and May 15, 2017 were legally void under <u>In re: Soares</u>, 107 F.3d 969, 977 (1st Cir. 1997); and

 (b) An Affidavit of Sale stated under oath to the effect that February 3, 2017 auction was postponed by public proclamation to Mach 15, 2017. **Exhibit A.** This statement was directly contradicted by an Affidavit of Cynthia L. Bruder, a potential bidder who states under oath to the effect that she was at the auction site on February 3, 2017 and that no public proclamation was made. **Exhibit B.**

(5) If the foreclosure sale was conducted in violation of Massachusetts law it was in violation of this Court's Order granting relief from stay on the condition that the sale was to be conducted in accordance with the federal and state law;

(6) The foreclosure sale on October 20, 2017, as it was conducted in violation of the Order granting relief from stay was legally void under <u>In re: Soares</u>, 107 F.3d 969, 977 (1st Cir. 1997); and

(7) All actions of U.S. National Bank following the foreclosure sale were also in violation of the automatic stay and of such nature that warrant imposition of punitive damages under 11 U.S.C. Sec. 362(k).

**Foreclosure Sale Notice Requirement Under Massachusetts Law.**

16. The notice requirement concerning foreclosure under the power of sale is set forth in M.G.L. 244, Sec. 14. The statue requires a specific type of notice be given before a sale can effectively foreclose on the mortgage. The statute does not require any specific notice for a postponed sale. The statute does not require public proclamation, in fact the stature is silent on what subsequent notice is required if the initial sale is postponed. See M.G.L. c. 244, §14. Hammond v. JPMC Specialty Mortgage, LLC. 2011 WL 1463632, at*8(D.Mass. Apr. 15, 2011) ("Under Massachusetts law, a mortgagee may postpone a foreclosure sale … without renewing the statutory notice requirement") A "public proclamation" is an announcement at the time and place of the originally scheduled sale. See Fitzgerald v. Fist Nat'l Bank of Boston, 46 Mass.App.Ct. 98, 101(1999). A public proclamation is merely one method of giving notice of the postponement of the auction. Hammond, 2011 WL 1463632, at *8. What is required from the postponement process is that the notice is sufficient to protect the mortgagor's interest under the given circumstances. Stevenson v. Dana, 166 Mass. 163, 44 N.E. 128 (Mass. 1896).

17. Therefore, to have a commercially reasonable continuation of a foreclosure sale a mortgagee can either make a "public proclamation" or to use any other method of continuance as long as such method protects the mortgagor's interest under given circumstances.

18. Pursuant to M.G.L.Ch. 244, Sec. 15, an affidavit of an attorney or a duly authorized person selling the property setting forth that the requirements of the power of sale and the law have been complied with in all respects, shall be admitted into evidence that the power of sale was duly executed. See M.G.L. c. 244, §15.

19. Yet, the facts set forth in the Affidavit of Sale under Section 15, of Chapter 244, taken in conjunction with the Affidavit of Cynthia L. Bruder show or strongly suggest that a showing can be made that U.S. National Bank violated the automatic stay as well as M.G.L. Ch. 244, Sec. 15.

20. The Affidavit of Sale was executed by Attorney Jessica DaSilva. In pertinent part it stated that "pursuant to said notice at the time and place therein appointed, the sale was postponed by public proclamation upon the mortgaged premises to Mach 15, 2017 at 3:00 PM. **Exhibit "A".** The "time and place therein appointed" refers to the initial sale date and the Petition date of February 3, 2017. It is undisputed that the sale was postponed due to the filing of the Petition and during the pendency of the Automatic Stay. Of course, making a proclamation "upon mortgaged premises" violates the stay as it involves an act of entering upon the property of the estate and constitutes an act of exercising control over the property of the estate prohibited by Section 362(a)(3) and to enforce a lien under Section 362(a)(4).

21. There are a wide range of modes by which a notice of postponement of sale can be given without intrusion upon the estate property, and U.S. National Bank had utilized the most intrusive method of postponement, entering upon the mortgaged premises and exercising control over the property of the estate.

22. In view of this, if the postponement of the sale on February 3, 2017, post-petition was made as the sworn statement of U.S. National Bank's agent/attorney claim it was made; such act was a willful violation of the stay.

23. Furthermore, the Affidavit of Sale states that all following continuations prior to the filing of the Motion for Relief from stay, i.e., from March 15, 2017 to May 15, 2017 and from May 15, 2017 to June 15, 2017 were also made by public proclamation upon the mortgaged premises. In light of this, all the continuations which occurred prior to the filing of the Motion for Relief involved entry upon the property of the estate in willful violation of Section 362(a)(3) and (4). The First Circuit Court held that acts taken in derogation of the automatic stay are void, not merely voidable. Soares at 976.

24. In light of the foregoing, Affidavit of Sale claims to the effect that power of sale was duly executed whereas it was executed based upon postponements of sale which were legally void. In light of this, the Affidavit of Sale fails to "show that the requirements of power of sale and the law have been complied with in all respects" as set forth in M.G.L. Ch. 244, Sec. 15. Thus it cannot be held that the sale on October 20, 2017 was conducted in accordance with "applicable state and federal law," the condition imposed by this

Court's Order dated June 14, 2017 regarding the modification of the automatic stay based on U.S. National Bank's Motion for Relief from Stay.

25. In addition, it is highly likely that Affidavit of Sale does not comply with the state law as it claims that February 3, 2017 sale was postponed by "public proclamation upon the mortgaged premises" whereas this claim under oath directly contradicts the facts set forth in Affidavit of Cynthia L. Bruder. **Exhibit "B"**. In her affidavit Ms. Bruder states under oath that she arrived shortly before the auction, on February 3, 2017 and stayed in her car, that nobody arrived to go to the auction and nobody stood on or near the property and no public proclamation occurred.

26. Clearly, despite the fact that the foreclosing mortgagee does not have to make "public proclamation" to legally postpone the sale, it is a violation of law to state under oath that an auction was postponed by public proclamation when no such proclamation was made.

27. In light of the contradictions in two affidavits it is quite possible that the Affidavit of Sale contains a false statement under oath and if so proven violates Section 15, of Chapter 244 of Massachusetts General Laws, is perjury and makes the entire foreclosure sale in violation of this Court's June 14, 2017 Order on the Motion for Relief from Stay and is a violation of the automatic stay making the foreclosure sale of October 20, 2017 void. See M.G.L. c 244, §15, See In re: Soares, 107 F.3d 969, 977 (1st Cir. 1997) (act taken in derogation of the automatic stay are void, not merely voidable).

WHEREFORE, the Plaintiff respectfully requests this Court to award damages, actual and punitive, to the Debtor on account of U.S. National Bank's violation of the Automatic Stay, this Court's Order, and Massachusetts state law, including damages under 11 U.S.C. Sec. 362(k), grant any other appropriate declaratory and equitable relief, and to grant such other and further relief as is just and proper.

[signature page follows]

CAROLINE JOYCE RELLSTAB,
By her counsel:

/s/ Vladimir von Timroth

_____
Vladimir von Timroth, Esq., BBO #643553
VON TIMROTH, P.A.
405 Grove Street, Suite 204
Worcester, MA 01605
Tel. 508-753-2006
Fax 774-221-9146
vontimroth@gmail.com

Dated: October 9, 2019

Case 17-40210    Doc 200    Filed 10/09/19    Entered 10/09/19 14:07:03    Desc Main
Case 17-04066    Doc 114-3    Filed 02/08/19    Entered 02/08/19 17:11:41    Desc Exhibit
                        Document    Page 9 of 12
C - Foreclosure Deed    Page 3 of 5

EX A

## Affidavit of Sale

I, Jessica DaSilva, Esq., Employee, Authorized Signatory, Real Property of Orlans PC, successor by merger to Orlans Moran PLLC, Attorney in Fact for U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF3, ("Lender") named in the foregoing deed, make oath and say that the principal, interest and other obligations mentioned in mortgage from above referred to were not paid or tendered or performed when due or prior to the sale, and that this office caused to be published on the 13th day of January, 2017, on the 20th day of January, 2017 and on the 27th day of January, 2017, in the Spencer New Leader Stonebridge Press, a newspaper with general circulation in Spencer, a copy of which is attached hereto as Exhibit A.

This office has complied with Chapter 244, Section 14 of Massachusetts General Laws, as amended, by mailing the required notices by certified mail, return receipt requested.

This office has complied with Chapter 209, Section 18.21A of Code of Massachusetts Regulations, as amended, by mailing the required certification and supporting documentation by certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed, the sale was postponed by public proclamation upon the mortgaged premises to March 15, 2017 at 3:00 PM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to May 15, 2017 at 3:00 PM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to July 14, 2017 at 3:00 PM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to September 12, 2017 at 3:00 PM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to October 20, 2017 at 3:00 PM and thereupon, the Lender sold the mortgaged premises at public auction by Christine M. Parcher, a licensed auctioneer of Towne Auction Company LLC to the third highest bidder U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF3 c/o Wells Fargo Bank, N.A., Attn: 3476 StateView Blvd, Fort Mill, SC 29715, for the sum of FIFTY-SIX THOUSAND TWO HUNDRED SEVENTY-FOUR DOLLARS AND 00/100 ($56,274.00), paid, being the third highest bid therefore at said auction, John Avella the highest bidder at said auction having defaulted, Hossein Khalili the second highest bidder at said auction having defaulted; the third highest bidder having performed in accordance with the terms of said auction.

RE: 27 Maple Street, Spencer, MA 01562

See Power of Attorney recorded herewith

For signatory authority, see Delegation of Authority and Appointment recorded with the Suffolk County Registry of Deeds at Book 58527 Page 111

Jessica DaSilva, Esq., Employee, Authorized Signatory, Real Property of Orlans PC, successor by merger to Orlans Moran PLLC

Return to:
Orlans PC
P.O. Box 5041
Troy, MI 48007
File Number:

046-MA-V5

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

On this 8th day of Dec., 2017, before me, the undersigned Notary Public, personally appeared Jessica DaSilva, Esq., Employee, Authorized Signatory, Real Property, of Orlans PC, successor by merger to Orlans Moran PLLC, proved to me through satisfactory evidence of identification, which was personal knowledge, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

Shannon M. Brennan, Notary Public
My Commission Expires: 2/13/20

RE: 27 Maple Street, Spencer, MA 01562

Return to:
Orlans PC
P.O. Box 5041
Troy, MI 48007
File Number: [REDACTED]

046-MA-V5



Ex B

Cynthia L. Bruder
6 Burton Lane
North Chelmsford, MA 01863

I, Cynthia L Bruder, do attest and aver to the following:

1. I make this affidavit of my own free will.

2. I attempted to negotiate a short sale to buy 27 Maple St. in Spencer, property owned by Caroline Rellstab.

3. Our negotiations began on September 19, 2016.

4. When we ran into problems getting assent for the short sale, I decided to go to the foreclosure auction scheduled at the property on February 3, 2017 at 3:00pm.

5. I attach the pages from my scheduling diary that clearly shows my intent to be at the auction.

6. I arrived shortly before it was supposed to commence and waited in my car.

7. Nobody arrived to do the auction, at which time I checked the internet on my phone and found that it was listed on the auction house's website as having been postponed and to be rescheduled.

8. I can testify that no auctioneer ever got out of a car, stood on or near the property and no public proclamation ever occurred.

9. In fact, I was the only one at the property at the time when the auction was scheduled.

10. I am providing this affidavit as proof as simply a courtesy at the request of Caroline Rellstab.

I so swear,

*[signature]*

Cynthia L. Bruder
6 Burton Lane
North Chelmsford, MA 01863

Date: April 29, 2018

COMMONWEALTH OF MASSACHUSETTS

Middlesex _____ (County), s.s.

On this 29th day of April, 20 18, before me, the undersigned notary public, personally appeared Cynthia L. Bruder who proved to me through __X__ (mark an X) satisfactory evidence of identification, which was Drivers License or was _____ (mark an X) known to me to be the person(s) who signed the preceding document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her/their knowledge and belief.

[Seal: JULIANNA A. BOU, Notary Public, Massachusetts, Commission Expires Dec 23, 2022]

Julianna A. Bou
Notary Public
Printed Name: Julianna A. Bou
My Commission Expires: Dec. 23, 2022